**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-02487-BAS-2 |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF No. 244)** |
| SERGIO ENRIQUE ALCALA, | |
| Defendant. | |

## I.    INTRODUCTION

Defendant Sergio Enrique Alcala files a Motion for Reduction of Sentence seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 244.)  "Our justice system relies on the finality of criminal judgments."  *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025).  Therefore, in general, a court may not modify a sentence of incarceration once it has been imposed unless expressly permitted by statute.  *United States v. Penno*, 319 F.3d 509, 511 (9th Cir. 2003).

The First Step Act, one such statute, permits a court, in certain circumstances, to modify or reduce a defendant's term of imprisonment, after he has exhausted his

- 1 -

administrative remedies, if "considering the factors set forth in [18 U.S.C.] Section 3553(a)" the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021); *United States v. Holden*, 452 F. Supp. 3d 964, 967 (D. Or. 2020); *United States v. McCreary*, 528 F. Supp. 3d 1083, 1087 (D. Ariz. 2021).

## II.    ANALYSIS

### A.    Exhaustion of Administrative Remedies

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition with the Warden seeking release, which is denied by the Warden and the petitioner proceeds to continue to fully exhaust his administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

Defendant attaches a letter addressed to the Warden at Safford FCI dated January 14, 2026, asking the Warden for a reduction in his sentence. There is no evidence the Warden responded. Hence, the Court is prepared to find Defendant exhausted his administrative remedies.

### B.    Extraordinary and Compelling Reasons for Release

Congress did not define "extraordinary and compelling" reasons for release. *Bryant*, 144 F.4th at 1123. Instead, "[i]t instructed the Sentencing Commission—'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id.* (quoting 28 U.S.C. § 994(t)). The Commission "answered Congress's call with § 1B1.13 of the Sentencing Guidelines,"

22cr2487

which the courts are now bound by in deciding all motions under § 3582(c)(1)(A). *Id.* (citing *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

Section 1B1.13 of the Sentencing Guidelines lists categories of circumstances that might constitute "extraordinary and compelling" reasons for a sentence reduction, including: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) the fact that the defendant is a victim of abuse while in custody. U.S.S.G. § 1B1.13(b)(1)–(4). The section then includes a catch-all provision for "any other circumstance—or combination of circumstances that, when considered by themselves, or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Finally, an unusually long sentence can be considered in finding extraordinary and compelling reasons after a defendant has served at least ten years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6).

In general, other than under subsection (6) above, a change in the law shall not be considered for purposes of whether extraordinary and compelling reasons exist under the policy statements, although it can be considered once the motion is granted in considering what sentence is appropriate. U.S.S.G. § 1B1.13(c).

In this case, it is difficult to ascertain the grounds on which Defendant is seeking a reduction in sentence. His motion mentions "overly long sentences, and stacked sentences," "beneficial changes in the law," improper gun enhancements, the vagueness of "intent to distribute" statutes, expansion of the 4-level reduction for minimal participants, purity of the methamphetamine being an improper consideration at sentencing, and removing the two-point gun enhancement so he is eligible for a one-year reduction for participating in R.D.A.P. None of these is sufficiently supported to warrant reduction under Section 3582(c)(1)(A).

First, to the extent he is claiming an unusually long sentence under subsection (b)(6), he is ineligible because he has served less than two years in custody. Although Defendant claims there are changes in the law, he fails to cite what those changes are and how they

might affect him. To the extent he attempts to claim that the change in the law with respect to minor/minimal role would affect him, this is belied by the fact that the parties agreed at sentencing that Defendant's role in the offense was aggravated. (ECF Nos. 197, 198.) The Court agreed and thus any changes to minor/minimal role would not apply to him.

With respect to his remaining arguments, Defendant appears to try to reopen his sentencing, arguing that the gun enhancement was incorrect, the "intent to distribute" statute was vague, and purity of the methamphetamine should not have been considered by the Court. A motion under Section 3582(c) is not a substitute for appeal. *See Sanchez-Llamas v. Oregon,* 548 U.S. 331, 351 (2006) (noting generally a defendant who fails to raise a claim on direct appeal is barred from raising it on collateral review). And, in fact, in this case, Defendant waived his right to appeal as part of his plea agreement (ECF No. 141, at § XI), so he cannot make an end run around this stipulation by attempting to reduce his sentence via compassionate release. In any event, none of the reasons listed by Defendant, singly or in combination, are sufficient under the catch-all provision of § 1B1.13 to be similar in gravity to subsections (1) through (4).

### C.    Factors under Section 3553(a)

Even if the Court were to find that extraordinary and compelling reasons exist for Defendant's motion (which it does not), it still must consider the factors under 18 U.S.C. § 3553(a). Considering those factors, the Court finds a reduction in sentence would not be appropriate.

As part of his plea agreement, Defendant admitted he had conspired to distribute methamphetamine, fentanyl, heroin and cocaine through the Calexico Port of Entry to Los Angeles and Santa Barbara. He was the organizer on the U.S. side of the border responsible for distributing over 6,000 fentanyl pills and over 3,400 kilograms of methamphetamine. During the course of the conspiracy, Defendant admitted that he set out to commit an armed robbery of a Chicano rapper at a recording studio in the Los Angeles area. The purpose of the attempted robbery was to recoup money to pay off an outstanding drug debt that the target of the robbery owed to Defendant and his co-conspirators. This planned armed

22cr2487

robbery was only foiled because law enforcement had a wiretap on Defendant's telephone, so they stopped the car when he was on his way to the robbery and seized two firearms. (ECF No. 141, at § IIB (listing "Factual Basis" for Defendant's Guilty Plea).)  As part of his plea agreement, Defendant agreed that his guideline should be enhanced by two points for possession of a dangerous weapon under § 2D1.1(b)(1) and an additional two points for directing use of violence/threats of violence under § 2D1.1(b)(2). (*Id.* at § XA.)

Given the nature and circumstances of the offense, and to protect the public from further crimes of the defendant, the current sentence is sufficient but not greater than necessary and should not be reduced.  Reduction of the time in custody would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment of the offense.  Hence, the Court additionally finds that the Section 3553(a) factors do not support a reduction in Defendant's sentence.

## III.    CONCLUSION

For all the reasons stated above, Defendant's Motion for a Sentence Reduction is **DENIED**. (ECF No. 244.)

**IT IS SO ORDERED.**

DATED: March 13, 2026

Hon. Cynthia Bashant, Chief Judge
United States District Court

22cr2487